**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jose Fernando ARTEAGA, Defendant—Appellant.**

No. 00–35252.

D.C. No. CV–98–00381–a–JWS, CR–94–00055–a–JCW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 3, 2003.

Decided March 14, 2003.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Before REINHARDT, W. FLETCHER and GOULD, Circuit Judges.

## MEMORANDUM *

Jose Fernando Arteaga appeals the district court's denial of his 28 U.S.C. § 2255 habeas petition. We hold that the prosecutor did not commit misconduct, either at trial or on appeal, by arguing that Unit 10 was Arteaga's residence. We also hold that Arteaga's lawyers did not render ineffective assistance by failing to object to the prosecutor's characterizations. We therefore affirm.

To establish that Arteaga had possession of the Western Union receipts, the government introduced evidence at trial to show that Arteaga resided in Unit 10 at least on a part-time basis. The most important evidence was the testimony of the landlord, Crosby, who stated that Arteaga lived in Unit 10 off and on. When asked directly if Arteaga resided in Unit 10, Crosby responded, "Yes, sir." The government also introduced other less probative evidence, including a court receipt addressed to Arteaga and found in Unit 10, to bolster its argument that Arteaga resided there. Officer Cress, during cross-examination by Arteaga's trial counsel, stated that Carlos Moreno told him that the bedroom where the Western Union receipts were found was Arteaga's bedroom. No objection was made to Officer Cress's hearsay testimony, nor did anyone move to have it stricken. *See* Fed.R.Evid. 103; 30B M. Graham, *Federal Practice and Procedure* § 7009 (Interim ed.2000).

This evidence, taken together, provided sufficient basis for the prosecution to argue that Unit 10 was Arteaga's residence. While the strength of the evidence could certainly be disputed, the government was free to ask the jury to interpret the evidence in the prosecution's favor. The prosecution reminded the jury that Arteaga did not rent the apartment, and that he had multiple addresses, but it argued that Unit 10 was one of his residences, and it asked the jury to infer that he had possession of the Western Union receipts found there. The prosecution fairly characterized the evidence, and its argument at trial did not constitute misconduct. For the same reasons, the prosecution did not commit misconduct or fraud on the court when it described Unit 10 as Arteaga's residence on direct appeal.

Nor did Arteaga receive ineffective assistance of counsel when his lawyers failed to object to the prosecution's statements. Both at trial and on appeal, Arteaga's counsel did attack the sufficiency of the evidence supporting the mail fraud convictions. We cannot say that his lawyers' failure to object to the government's statements is enough to show that their representation fell outside "the wide range of reasonable professional assistance." *Strickland v. Washington,* 466 U.S. 668, 689, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

AFFIRMED.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.